IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OVERTON WAYNE PAULEY | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:15-cv-00158 (ERIE) |
| | ) | |
| vs. | ) | |
| | ) | RICHARD A. LANZILLO |
| ZACHARY T. KING, ET AL. | ) | UNITED STATES MAGISTRATE JUDGE |
| | ) | |
| Defendants | ) | |
| | ) | |
| | ) | MEMORANDUM AND ORDER |
| | ) | ON MOTION FOR TEMPORARY |
| | ) | RESTRAINING ORDER [ECF NO. 120] |
| | ) | |

This matter comes before the Court on Plaintiff's motion for a temporary restraining order and "prohibitive injunction." ECF No. 120.[1] Plaintiff is a prisoner currently incarcerated at the Federal Correctional Institution at Schuylkill. ECF No. 120-1 at ¶ 2. He claims that prison personnel informed him that he was soon to be transferred to another facility. Pauley contends that this transfer is being ordered as harassment and retaliation. *Id*. at ¶ 5. Any such transfer, he argues, would separate him from his legal papers pertaining to this case. He seeks an order directing that he not be transferred to another institution. *Id*. at ¶ 8.

A temporary restraining order or preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances. *See Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir.1994). Such relief may be issued at the discretion of the trial judge. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Chamberlain*, 145 F. Supp. 2d 621, 625 (M.D. Pa. 2001). The standard for deciding both motions is the same. *See Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994). Courts in the Third Circuit consider the

---

[1] The parties have consented to the jurisdiction of an United States Magistrate Judge pursuant to 28 U.S.C. § 636.

1

following four factors when determining whether to grant a motion seeking preliminary injunctive relief: "(1) likelihood of success on the merits; (2) irreparable harm resulting from a denial of the relief; (3) the harm to the non-moving party if relief is granted; and (4) the public interest." *United States v. Bell*, 238 F.Supp.2d 696, 699 (M.D. Pa. 2003). The moving party bears the burden of satisfying these factors. *Bell*, 238 F. Supp. 2d at 699. "Only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief should the injunction issue." *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir.1990). Pauley has not met his burden.

First, Pauley cannot succeed on the merits. It is well-settled that a prisoner has no justifiable expectation that he will be incarcerated in a particular prison. *Olim v. Wakinekona,* 461 U.S. 238 (1983). Further, in *Montanye v. Haymes*, 427 U.S. 236, 242 (1976), the Supreme Court held that the Fourteenth Amendment's Due Process Clause does not require a hearing in connection with a transfer whether or not it is the result of the inmate's misbehavior or may be labeled as disciplinary or punitive.

Second, the harm to the non-moving party is substantial. As one court noted:

> Also, granting the injunctive relief requested by [Plaintiff], i.e., a transfer to another prison would effectively have the court making an *ad hoc*, individual decision concerning the treatment of a single prisoner, and such a decision could harm the defendants' and the public's interests. In this prison context, the interest in penological order could be adversely affected if the court began dictating the place of incarceration for [Plaintiff], one inmate out of thousands in the prison system in Pennsylvania. Therefore, considerations of the harm to the defendants and the public's interest also weighs against [Plaintiff] in this case.

*Gass v. Smith*, 2014 WL 5242137, *6 (M.D. Pa. Oct. 15, 2014).

And third, Pauley has not shown that he would be irreparably harmed by a transfer to another facility. "[A]n essential prerequisite to the grant of a preliminary injunction is a showing by the movant of irreparable injury *pendente lite* if the relief is not granted." *United States v.*

2

*Pennsylvania*, 533 F.2d 107, 110 (3d Cir. 1976). A preliminary injunction "may not be used simply to eliminate a possibility of a remote future injury." *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969). "[T]he irreparable harm must be actual and imminent, not merely speculative." *Angstadt ex rel. Angstadt v. Midd–West Sch.*, 182 F. Supp. 2d 435, 437 (M.D. Pa. 2002). "[M]ore than a risk of irreparable harm must be demonstrated. The requisite for injunctive relief has been characterized as a 'clear showing of immediate irreparable injury,' or a 'presently existing actual threat ....'" *Continental Grp., Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (citations omitted). "A preliminary injunction cannot be issued based on past harm. The purpose of a preliminary injunction is to prevent future irreparable harm." *Fisher v. Goord*, 981 F. Supp. 140, 168 (W.D.N.Y. 1997) (emphasis in original).

Pauley's contention that he will be separated from his legal materials if transferred and thus unable to comply with Court deadlines for the filing of responses, and/or motions, is not a demonstration of irreparable harm. This claim is speculative, especially given that Pauley has not been transferred to another facility as of this date. Additionally, Pauley may move for an extension of time for any court-imposed deadlines in the event that he does not have access to his legal materials as a result of his transfer.

For all of these reasons, Pauley's Motion for Temporary Restraining Order (ECF No. 120) is DENIED.

/s/ Richard A. Lanzillo
_____
Richard A. Lanzillo
United States Magistrate Judge

Filed this 25th day of April, 2019