IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OVERTON WAYNE PAULEY, ET AL., | ) | |
| | ) | |
| Plaintiffs | ) | Case No. 1:15-cv-00158 |
| | ) | |
| vs. | ) | |
| | ) | RICHARD A. LANZILLO |
| CHARLES E. SAMUELS, | ) | UNITED STATES MAGISTRATE JUDGE |
| BOP Director, ET AL., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | ORDER ON MOTION TO COMPEL |
| | ) | ECF NO. 118 |
| | ) | |
| | ) | ORDER ON MOTION FOR ADDITIONAL |
| | ) | INTERROGATORIES AND DISCOVERY |
| | ) | ECF NO. 119 |
| | ) | |

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by Plaintiff Overton Wayne Pauley (Pauley) alleging violations of his First Amendment rights. Pending before the Court today are two motions filed by Pauley: a motion to compel answers to interrogatories (ECF No. 118) and a motion for additional interrogatories and discovery, which the Court will construe as a motion to reopen discovery (ECF No. 119). For the reasons that follow, both motions are DENIED.

1. The Motion to Compel

Pauley has filed a motion to compel, asking that the Defendants be ordered to supplement their answers to his interrogatories. ECF No. 118. Pauley served interrogatories on the Defendants on June 19, 2017. ECF No. 65. These included twenty-five questions directed to the individual defendants, and were filed as a motion. This Court, on June 26, 2017, dismissed the motion and explained that "all discovery requests are to be forwarded directly to the Defendants

1

without the Court's involvement." ECF No. 66. The Defendants answered Pauley's interrogatories on July 17, 2017. After several extensions of time, discovery closed in this matter on March 16, 2018. The Defendants filed a Motion for Summary Judgment on December 21, 2018. Pauley made two attempts to respond to this motion. On March 14, 2019, he filed a Statement of Undisputed Factual Issues (ECF No. 109), and on April 2, 2019, he filed a "Notice to Defendants to Withdraw their Motion for Summary Judgment and/or Remove Misrepresentation" and a "Request to Take Judicial Notice" (ECF No. 113, ECF No. 114). The Defendants' motion for summary judgment is currently pending before the Court.

On April 10, 2019, Pauley filed the instant motion to compel. He argues that the Defendants' responses of July 17, 2017, were incomplete and asks the Court order the Defendants to supplement their answers. ECF No. 118. The Court directed the Defendants to file a Response to this motion, which they did on May 13, 2019. ECF No. 126.

Motions to compel discovery must be filed within the time allowed for discovery itself. *See Finizie v. Shineski*, 351 Fed. Appx. 668, 672 (3d Cir. 2009) (affirming district court's denial of motion to compel that was filed at least two weeks "after discovery had closed."); *Rossetto v. Pabst Brewing Co.*, 217 F.3d 529, 542 (7th Cir. 2000) (finding no merit to contention that district court's denial of discovery motion was error where the motion was filed two months after the date set by the court for the completion of discovery and the plaintiffs gave no excuse for delay); *Frazier v. SCI Medical Dispensary Doctor + 2 Staff Members*, 2009 WL 136724, at *2 (M.D. Pa. Jan. 6, 2009) ("A motion to compel after the close of discovery is not timely and will be denied absent special circumstances."); *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 398 (N.D. Tex. 2006) (holding that motion to compel must be filed before close of discovery); *Banks v. CBOCS West, Inc.*, 2004 WL 723767, at *2 (N.D. Ill. Apr. 1, 2004) (holding

2

that motion to compel filed two months after the close of discovery was untimely). Pauley filed his motion to compel more than a year after the close of fact discovery. And he was in possession of the Defendants' answers to his interrogatories for almost two years. Thus, his motion is grossly out of time. *See, e.g., McAssey v. Discovery Machine, Inc.*, 2018 WL 4030701, *2 (M.D. Pa. Aug. 23, 20018) (citing *Maslanka v. Johnson & Johnson*, 3095 Fed. Appx. 848 (3d Cir. 2008)).

Furthermore, Pauley provides no explanation for this delay, aside from asking the Court to consider this "pro se status" and his "unfamiliarity with pleading requirements." ECF No. 118, at 1. But his status as a pro se litigant is not an excuse for his lack of diligence. *See, e.g., Oriakhi v. United States*, 165 Fed. Appx. 991, 994 (3d Cir. 2006) (affirming denial of pro se litigant's motion to compel where discovery demands were untimely); *Bull v. United States*, 143 Fed. Appx. 468 (3d Cir. 2005) (same). Thus, given that Pauley's motion was filed after the close of fact discovery in the instant litigation and is thus not timely, the Court will deny motion to compel (ECF No. 118).

2. The Motion to Serve Additional Interrogatories and Discovery

To the extent Pauley's second motion seeks permission to serve additional interrogatories and seeks an order compelling the Defendants to answer them, that request is also denied as untimely. See, supra. To the extent this motion can be construed as one seeking to reopen the discovery period, it is likewise denied.

Rule 16 of the Federal Rules of Civil Procedure provides that scheduling orders, including those that govern the conduct of discovery, may be amended only for "good cause." Fed. R. Civ. P. 16(b)(4); *Alarmax Distributors, Inc., v. Honeywell Int'l, Inc.*, 2019 WL 1116255,

3

*1-2 (W.D. Pa. March 11, 2019); *Williams v. Wetzel*, 2019 WL 1206061, *5 (M.D. Pa. March 14, 2019). This Court has explained that

> The "good cause" inquiry "focuses on the moving party's burden to show due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010). In the context of requests to extend deadlines, courts have defined "good cause" to include "circumstances beyond the control" of a party. *See Partners Coffee Co., LLC v. Oceana Servs. and Prods. Co.*, 2010 WL 1726829, at *3 (W.D. Pa. Apr. 28, 2010); *see also Lord v. Consolidated Rail Corp.*, 2015 WL 6163951, at *1 (D.N.J. Oct. 19, 2015) ("A court may find good cause to amend the scheduling order where the movant learns of the facts supporting [the motion] after expiration of the relevant filing deadline [.]") (internal quotations omitted). In the context of requests to reopen discovery, "[t]he decision whether to reopen discovery is committed to the sound discretion of the district court." *Trask v. Olin Corp.*, 298 F.R.D. 244, 267 (W.D. Pa. 2014).

*Courtney v. Ivanov*, 2016 WL 1367755, at *2 (W.D. PA. April 6, 2016). And this Court "is afforded wide discretion in managing its docket and discovery." *Drippe v. Tobelinski*, 604 F.3d 778, 783 (3d Cir. 2010).

Pauley seems to argue that since Defendants filed their motion for summary judgment, "there has been a Government-shut down; the Plaintiff transferred from FCI Estill to FCI Schuylkill in PA.; Plaintiff's property, which contained his legal papers did not follow him for week(s) & the Magistrate Judge was reassigned" as reasons for his delay in asking for discovery to be reopened. None of these provides the Court with "good cause" to reopen discovery after more than a year has passed. To the extent Pauley's seeks to reopen discovery in order to conduct further discovery before responding to the Defendants' motion for summary judgment (specifically Chaplain Glogau's declaration), he likewise has not established good cause. Indeed, the Court notes that Pauley filed two separate Responses opposing the Defendants' motion without expressing the need for further discovery. *See* ECF Nos. 109, 113, 114.

Finally, Pauley contends that the Defendants do not oppose reopening discovery in this matter. This is an incorrect characterization of the Defendants' position. In a prior notice to Pauley of a supplemental production of documents, the Defendants indicated that they would agree to reopening discovery "to conduct additional discovery regarding the newly produced documents." ECF No. 94 at ¶ 14.[1] That position did not encompass the broad reopening of discovery that Pauley seeks in this motion. Thus, because Pauley has not identified "good cause" to reopen discovery in this matter more than a year after is has closed, his motion seeking such an order (ECF No. 119) is denied.

3. Conclusion

Pauley's motion to compel [ECF No. 118] is DENIED. Pauley's motion for additional interrogatories and discovery, which the Court construes as a motion to reopen discovery [ECF No. 119] is also DENIED.

So ordered.

RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE

Entered this 14th day of May, 2019.

---

[1] As counsel for the Defendants explains, "While preparing Defendants' Motion for Summary Judgment, counsel identified and received some additional documents that she determined could be relevant to the issues in this case and produced those documents to Plaintiff on November 15, 2018. (ECF No. 94). Defense counsel notified the Court of its supplemental production and stated that Defendants have no objection to reopening discovery "to conduct additional discovery regarding the newly-produced documents." *Id.* at ¶ 14.

5